1  DEAN S. KRISTY (CSB No. 157646)
   dkristy@fenwick.com
2  KEVIN P. MUCK (CSB No. 120918)
   kmuck@fenwick.com
3  TAI LUI TAN (CSB No. 269735)
   ttan@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone:   (415) 875-2300
6  Facsimile:    (415) 281-1350

7  Attorneys for Defendants John T. Chambers, Randy Pond,
   Gary B. Moore, Robert W. Lloyd, Frank A. Calderoni,
8  Larry R. Carter, Jerry Yang, Carol A. Bartz, Steven M. West,
   John L. Hennessy, Roderick C. McGeary, M. Michele Burns,
9  Richard M. Kovacevich, Michael D. Capellas, Brian L. Halla,
   Arun Sarin, and Nominal Defendant Cisco Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE CISCO SYSTEMS, INC. DERIVATIVE LITIGATION | Lead Case No. C-11-01734 SBA |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | **STIPULATION AND ORDER REGARDING TEMPORARY STAY OF PROCEEDINGS** |

Plaintiffs Jean Marie Cinotto and Marilyn Poulos ("Plaintiffs"), and Defendants John T. Chambers, Randy Pond, Gary B. Moore, Robert W. Lloyd, Frank A. Calderoni, Larry R. Carter, Jerry Yang, Carol A. Bartz, Steven M. West, John L. Hennessy, Roderick C. McGeary, M. Michele Burns, Richard M. Kovacevich, Michael D. Capellas, Brian L. Halla, Arun Sarin, and Nominal Defendant Cisco Systems, Inc. (collectively, "Defendants"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, these consolidated derivative actions were filed by Plaintiffs Jean Marie Cinotto and Marilyn Poulos on April 6, 2011 and April 20, 2011, respectively, and were consolidated by order of the Court dated June 28, 2011;

1  WHEREAS, these consolidated derivative actions have been deemed "related cases" to
2  putative class action lawsuits filed in this Court, the first of which is entitled *Schipper v. Cisco*
3  *Systems, Inc., et al.*, No. C-11-01568 SBA, filed on March 31, 2011 (the "*Schipper* Class
4  Action");

5  WHEREAS, to foster judicial economy and efficiency, and facilitate coordination with the
6  *Schipper* Class Action, the Court entered a stipulated order on June 28, 2011 providing, among
7  other things, that: (i) Plaintiffs in these consolidated derivative actions will file a consolidated
8  and/or amended derivative complaint within 30 days after the filing of a consolidated class action
9  complaint in the *Schipper* Class Action; (ii) Defendants in these derivative actions shall have 45
10 days from the filing of the consolidated and/or amended derivative complaint in which to respond
11 to such pleading; and (iii) Defendants need not respond to any complaint in these derivative
12 actions in the interim;

13 WHEREAS, a consolidated amended complaint was filed in the *Schipper* Class Action on
14 December 2, 2011, and plaintiffs in this action filed a consolidated derivative complaint on
15 December 30, 2011;

16 WHEREAS, it is anticipated that Defendants in the *Schipper* Class Action will file a
17 motion to dismiss in that action, and that motion is scheduled to be filed in February 2012;

18 WHEREAS, the parties in this action have met and conferred regarding the most efficient
19 manner in which to litigate the derivative claims brought on Cisco's behalf;

20 WHEREAS, the Plaintiffs believe their allegations have merit and are not dependent upon
21 the facts alleged in or the Court's ruling on Defendants' anticipated motion to dismiss in the
22 *Schipper* Class Action, but the parties agree, nevertheless, that the ruling on the motion to dismiss
23 the *Schipper* Class Action may help inform the manner in which this action proceeds;

24 WHEREAS, the parties, therefore, agree that the interests of efficient and effective case
25 management would best be served by staying the above-captioned consolidated action until one
26 of the following occurs: (1) the Court grants Defendants' anticipated motion to dismiss the
27 amended consolidated class action complaint in the *Schipper* Class Action without leave to
28 amend; or (2) Defendants file an answer in the *Schipper* Class Action.

1  WHEREAS, after one of the events in the preceding paragraph above occurs, the parties to the above-captioned consolidated derivative action will meet and confer and file a stipulation setting forth: (i) the date by which Defendants will respond to the consolidated derivative complaint in this action; and (ii) assuming Defendants move to dismiss or to stay, a briefing schedule on such motion(s);

WHEREAS, nothing in this stipulation will be deemed to prevent Defendants from filing any motion (including a motion to stay discovery and/or other proceedings) as Defendants may determine to be appropriate in response to any pleading in the above-captioned action;

WHEREAS, nothing in this stipulation will be deemed to prevent the parties from filing any motion to lift the stay, or entering into a stipulation to do so;

WHEREAS, in the event that the above-captioned action is dismissed this stipulation will no longer apply; and

WHEREAS, this stipulation shall also not apply in the event that it is superseded or modified by subsequent order of the Court (including, but not limited to, an order issued upon a motion by any party to stay discovery or other proceedings, or a motion to lift the instant stay).

IT IS ACCORDINGLY STIPULATED, by and between the undersigned counsel for the parties, that:

1. All proceedings in the above-captioned consolidated action shall be temporarily stayed until one of the following occurs: (1) the Court grants Defendants' anticipated motion to dismiss the amended consolidated class action complaint in the *Schipper* Class Action without leave to amend; or (2) Defendants file an answer in the *Schipper* Class Action.

2. Within 30 days after one of the events in the preceding paragraph above occurs, the parties hereto will meet and confer and file a stipulation setting forth: (i) the date by which Defendants will respond to the consolidated derivative complaint in this action; and (ii) assuming Defendants move to dismiss or to stay, a briefing schedule on such motion(s).

3. Subject to entry of an appropriate protective order and the other provisions of this stipulation, Defendants will provide Plaintiffs, concurrently with any production (formal or informal) in the *Schipper* Class Action: (i) copies of all documents and written responses to

1  discovery requests produced to the *Schipper* Class Action plaintiffs in the form and manner in
2  which such documents are produced to plaintiffs in the *Schipper* Class Action; (ii) all written
3  agreements regarding the scope of discovery in the *Schipper* Class Action; (iii) all deposition
4  transcripts; and (iv) their consent to the Plaintiffs' attendance at any depositions conducted in the
5  *Schipper* Class Action.  This stipulation is intended to facilitate coordination and to avoid, to the
6  extent practicable, duplicative discovery.  The parties shall meet and confer in good faith
7  regarding any additional discovery they may wish to conduct in this action.

8      4.    This stipulation shall not preclude or prevent Plaintiffs from serving discovery
9  requests on Defendants or third parties when the stay is not in effect, nor from moving to compel
10 responses to any such discovery.

11     5.    In the event that the Court determines not to enter an order consistent with this
12 stipulation, Plaintiffs agree that, in view of the Defendants' reliance on this stipulation, Plaintiffs
13 shall not assert in any motion, brief, or other submission that the Defendants have failed to timely
14 respond to the consolidated derivative complaint filed herein on December 30, 2011.  In that
15 event, the parties shall meet and confer regarding an alternative schedule for Defendants to
16 respond to the consolidated derivative complaint consistent with the Court's determination.

17     6.    Nothing in this stipulation will be deemed to prevent Defendants from filing any
18 motion (including a motion to stay discovery and/or other proceedings) as Defendants may
19 determine to be appropriate in response to any pleading in the above-captioned action.

20     7.    In the event that the above-captioned action is dismissed, this stipulation will no
21 longer apply.

22     8.    This stipulation shall also not apply in the event that it is superseded or modified
23 by subsequent order of the Court (including, but not limited to, an order issued upon a motion by
24 any party to stay discovery or other proceedings, or a motion by any party to lift the instant stay).
25 ///
26 ///
27 ///
28 ///

| | |
|---|---|
| Dated: January 26, 2012 | JOHNSON & WEAVER, LLP |
| | By: /s/ *Frank J. Johnson* |
| | Frank J. Johnson |
| | Attorneys for Plaintiffs Jean Marie Cinotto and Marilyn Poulos |
| | |
| Dated: January 26, 2012 | FENWICK & WEST LLP |
| | By: /s/ *Kevin P. Muck* |
| | Kevin P. Muck |
| | Attorneys for Defendants John T. Chambers, Randy Pond, Gary B. Moore, Robert W. Lloyd, Frank A. Calderoni, Larry R. Carter, Jerry Yang, Carol A. Bartz, Steven M. West, John L. Hennessy, Roderick C. McGeary, M. Michele Burns, Richard M. Kovacevich, Michael D. Capellas, Brian L. Halla, and Arun Sarin, Nominal Defendant Cisco Systems, Inc. |

Pursuant to General Order No. 45 Section X(B), all of the signatories concur in the filing of this stipulation.

# **ORDER**

Pursuant to the foregoing stipulation of the parties, IT IS SO ORDERED.

Dated: 2-10-12

*Saundra B Armstrong*

The Honorable Saundra Brown Armstrong
United States District Judge